(Franklin Common Pleas, October 27, 1896.)

BRECKENRIDGE v. STATE OF OHIO.

---

In a case where the defendant is accused of having unlawfully sold adulterated mustard, it is discretionary with the justice to order the State to allow an analysis of a portion of the mustard to be made, if the interests of justice demand it.

But it should not be done, if the article to be analyzed would be thereby impaired or destroyed, for evidential purposes, in favor of the State; and it should be made, if at all, by an expert appointed by the justice, in the presence of the plaintiff's representative, and the State's expert, and under the oversight of some officer of the court.

The defendant cannot dictate the selection of the expert to make the analysis.

If the motive of the defendant in moving for the analysis is only to find out what the State's case is, or if it is curiosity, or if it is vexatious, the analysis should not be allowed.

---

PUGH, J.

The plaintiff in error was accused, tried and convicted before a justice of the peace, for unlawfully selling adulterated mustard.

Before the trial began, he made a motion that the State be required to furnish him a sample of the "mustard upon which the prosecution is based so as to enable" him "to have an analysis made thereof by an independent chemist such as he may select." The motion was overruled. That ruling is assigned as error, and is the only assignment of error.

When it is essential to the cause of justice, a court has jurisdiction, independent of any statute, to order the inspection, or examination, of property or other things in possession of either party which will probably be put in evidence. That would include the power to order an analysis of poison, or other things, which, it is charged were used in the commission of the crime.

"Testimony, which is open to one party, ought logically to be open to the other, or if it can be obtained with due regard to decency and orderly conduct of the trial. "Graves v. City of Battle Creek, 54 N. W. R., 757; 19 L. R. A, 641.

The trial of a law suit, is not in modern times, like a gladiatorial show, or a Spanish bull fight.

Litigants are not encouraged, by either laws or courts, to fight each other with ambushes and concealed torpedoes.

The policy of a law which allows a party to inspect and take copies of documents, books, writings, etc., in the custody of their opponents, and to take the depositions of the latter, leaves to either party, before the trial, a very small monopoly in the possession of the evidence which is to be, or may be, used on the trial. A litigant's opponent may obtain knowledge of all the evidence he has except that which sustains the former's side of the case, but does not support the latter's contentions. That is all the material he has with which to construct ambushes and manufacture hidden torpedoes.

But the right to an order for an examination, inspection or analysis, which is not provided for by statute, is not an absolute right.

The court is vested with discretion to grant or refuse the order, and unless manifest injustice was done to the movant, making it a case of abuse of the discretion, it is not error to refuse the order. The power to make such an order may be assimilated to the power of the court to order a bill of particulars; but the granting of the latter order is wholly discretionary. Tilton v. Beecher, 59 N. Y., 189.

This impliest that the party who moves for such an order must show adequate cause for the court's exercise of the discretion.

1. He ought to prove that the inspection, examination or analysis is material, and necessary to enable him to prove facts which he could not otherwise prove, or that it will relieve him from the necessity of adducing proof from other sources.

2. He should show that the proposed inspection, examination or analysis will not impair the thing to be analyzed, etc., for evidential purposes in favor of the other party who is in possession of it.

3. He should offer to have the inspection, examination or analysis in the presence. and under the observation, of the other party and under the supervision of an officer of court, and also witnessed by the expert witness or witnesses of the other party, and also made by an expert appointed by the court.

Not only should these facts be proved, but the court should refuse to grant the right, if it should be disclosed that the only motive and object of the movant was to discover his adversary's case, his evidence.

When it is disclosed that the analysis is sought from mere curiosity or malice, or that the sole object is to vex the other party, it should be refused.

The movant has no right to dictate who shall be the expert to make the analysis. He may suggest, nominate one; but, after all, the court is authorized to appoint whomsoever it may select.

When the motion is resisted, the movant should offer evidence to establish a case for the court to exercise the discretionary power.

In this case, the bill of exceptions is barren of evidence. It does not show that the plaintiff in error offered any evidence, or made any showing to establish either of the propositions which it was incumbent upon him to prove.

The article which he desired to have analyzed was mustard. This court cannot learn from the bill of exceptions whether the State had in its possession more than enough of the mustard to enable its chemist to make an analysis. If there was only enough for that purpose, the granting of the order by the justice might have impaired, or destroyed, the value of the mustard as evidence.

The bill discloses that the plaintiff sought to dictate who should be the expert chemist.

The justice was justified in refusing the order, for that reason alone. The motion should have asked for an expert to be appointed by the justice.

In the absence of evidence. I cannot conclude that the justice erred in his denial of the motion made by the plaintiff in error.

Counsel for the State, having urged that an early decision of this case should be made, have not had the time to search for, and assemble, authorities. I have been guided in reaching this conclusion by analogies which are familiar to members of the profession.

The following cases and text books, which were examined. contain some instruction: Reg. v Spery and Dore, 3 C. C. Cases. 221; Rex v. Harris. C. C. & P.. 105; Newton v. The State, 21 Florida. 53; 1 Bishop's Criminal Procedure, Sec. 959d. 3 (new edition): McQuigan v. D. S. & W. R. R. Co., 14 L. A., 466.

Charles Case and S. C. Jones, Attorneys for the State.

John J. Chester and G. A. Seymore, Attorneys for Defendant.